UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MONTY L. DAVIS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 10 C 6553 |
| v. ) | |
| ) | Senior U. S. District Court Judge |
| DAVID M. CONNOLLY, ) | George W. Lindberg |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs seek to enforce a judgment that they obtained against defendant David M. Connolly in the United States District Court for the District of New Jersey. Plaintiffs filed a motion for turnover order to collect the proceeds of an insurance policy issued by third-party respondent Illinois Union Insurance Company to Connolly Properties, Inc. Connolly Properties is currently a Chapter 7 debtor in the United States Bankruptcy Court for the District of New Jersey. Illinois Union has filed a motion to stay proceedings in this court.

The commencement of a bankruptcy case forms an estate. 11 U.S.C. § 541. All actions to obtain possession of the property of the estate or to exercise control over property of the estate are automatically stayed. 11 U.S.C. § 362(a)(1)(3). Because plaintiffs' action seeks to obtain possession of the proceeds of an insurance policy, this court must determine whether the proceeds of that insurance policy are part of Connolly Properties' estate.

When an insurance policy provides an entity with direct coverage, its proceeds are property of the estate. See, e.g., In re Allied Digital Technologies, Corp., 306 B.R. 505, 512 (D. Del. 2004). Conversely, where the insurance policy provides direct coverage only to directors and officers of the entity, the proceeds are not part of the estate. In re marchFIRST, Inc., 288

B.R. 526 (N.D. Ill. 2002) (citing In re Louisiana World Exposition, 832 F.2d 1391 (5th Cir. 1987)). Where a policy provides both direct coverage to a company, and to its directors and officers, "the proceeds will be property of the estate if depletion of the proceeds would have an adverse effect on the estate to the extent the policy actually protects the estate's other assets from diminution." In re Allied Digital Tech., Corp., 306 B.R. at 512.

The insurance policy at issue in this case provides coverage both to officers and directors of Connolly Properties and to Connolly Properties itself. Specifically, the policy provides for "Management Insureds and Company" coverage, which has a $1,000,000 aggregate liability limit. The "Management Insureds and Company" coverage obligates Illinois Union to pay for three categories of losses arising from claims against the policy: 1) losses of the Management Insureds for which they are not indemnified by the Company; 2) losses of the Company where the Company has indemnified a Management Insured; and 3) losses of the Company that the Company becomes legally obligated to pay. Because claims against Connolly Properties and claims against its directors or officers will be paid from the same policy limit, turnover of any benefits payable under this section of the policy would deplete the proceeds of the estate.

Plaintiffs contend that the possibility of an adverse effect on the estate is too "hypothetical or speculative" to warrant a stay, citing In re Downey Financial Corporation, 428 B.R. 595 (D. Del. 2010), and In re Allied Digital Technologies, Inc., 306 B.R. 505 (D.Del 2004). However, Downey is distinguishable because in that case the policy contained an "Order of Payments" provision which prioritized director and officer coverage over entity and indemnification coverage. Id. at 600. The policy at issue here contains no such provision.

Allied Digital is likewise distinguishable because the statute of limitations had run on all insured claims. 306 B.R. at 511. By contrast, the instant policy has an extended reporting period which provides coverage for claims until December 2012, so it cannot be ascertained whether the estate will be reduced by claims against Connolly Properties falling within the policy's coverage. The court concludes that the automatic stay does apply to the motion for turnover order. 11 U.S.C. § 362(a)(1)(3).

The court notes that on April 6, 2011, the United States Bankruptcy Court for the District of New Jersey issued the following Order:

> Illinois Union shall, to the extent that the Bankruptcy Code automatic stay applies (a determination is not made by this Court), be granted relief from the automatic stay permitting it to pursue rights and remedies available to it as to coverage under the relevant insurance policy and per applicable law: This Court expresses no view or determination as to any pending litigation, or the venue or jurisdiction of future litigation nor as to whether any particular relief is appropriate.

Plaintiffs contend that the Order permits all parties to litigate the issue of insurance coverage outside of the Bankruptcy Court. However, the Order issued by the Bankruptcy Court refers only to Illinois Union – not all parties. Because the Order does not grant plaintiffs relief from the automatic stay, and because the automatic stay does apply to the motion for turnover order, this court grants Illinois Union's motion to stay proceedings.

10 C 6553

ORDERED: Illinois Union's motion to stay proceedings [57] is granted. This citation proceeding is stayed.

ENTER:

GEORGE W. LINDBERG
Senior U.S. District Judge

Dated: April 12, 2011